Michael J. Lyons (CA Bar No. 202,284)
Andrew J. Wu (CA Bar No. 214,442)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Telephone:  (650) 843-4000
Facsimile:  (650) 843-4001
Email:  mlyons@morganlewis.com

Daniel Johnson, Jr. (CA Bar No. 55,769)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Telephone:  (415) 442-1000
Facsimile:  (415) 442-1001

R. Tyler Goodwyn, IV, *pro hac vice* admission pending
Carl P. Bretscher, *pro hac vice* admission pending
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001

Attorneys for Plaintiff
Lumileds Lighting U.S., LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMILEDS LIGHTING U.S., LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>EPISTAR CORP., and UNITED EPITAXY CO., LTD.,<br><br>    Defendants. | Case No.  C 05-04521 (MEJ)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LUMILEDS LIGHTING U.S., LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11**<br><br>Hearing Date/Time:  Pursuant to Civil L.R. 7-11(c), Motion is deemed submitted for immediate determination without hearing on December 16, 2005. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3565551.4

**I.     INTRODUCTION**

Plaintiff Lumileds Lighting U.S., LLC, submits this memorandum in support of its Administrative Motion to Consider Whether Cases Should be Related.

In the current complaint, Lumileds asserts infringement of three patents, including U.S. Pat. No. 5,008,718 ("the '718 patent"), against United Epitaxy Co., Ltd. ("UEC") and Epistar Corp.  Judge Claudia Wilken of the Northern District of California has previously presided over three cases involving Lumileds and UEC and Epistar, all involving the '718 patent.  Throughout the more than 4½ years that these cases were pending before Judge Wilken, she issued more than 50 orders, including a Claim Construction Order for the '718 patent and an order ruling on various summary judgment motions.  Additionally, Judge Wilken has already ruled twice that cases between Lumileds, UEC and Epistar involving issues of infringement of the '718 patent are related within the meaning of the Local Rules.  Thus, Lumileds respectfully requests that Judge Wilken issue another Related Cases Order relating the present case to the previous three cases she presided over since they involve the same parties, property, transactions, events, and questions of law, and to prevent unduly burdensome duplication of labor and expense, and/or conflicting results if the cases are conducted before different judges.[1]

The present case is related to the following "Related Actions": *United Epitaxy Co., Ltd. v. Hewlett-Packard Co., et al.,* No. C 00-2518 CW (PVT) (N.D. Cal. filed Sept. 7, 1999) (Wilken, J.) ("UEC Related Action"); *Lumileds Lighting U.S., LLC v. Citizen Electronics Co., Ltd,. et al.*, No. C 02-5077 JW (EAI) (N.D. Cal. filed Oct. 18, 2002) (Wilken, J.) ("Epistar I Related Action"); and, *Epistar Corp. v. Lumileds Lighting US, LLC*, No. 03-CV-01130-CW (N.D. Ca. transferred March 17, 2003 from C.D. Cal.) (Wilken, J.) ("Epistar II Related Action").

//
//
//

---

[1]     Since Lumileds believes that the present case should be assigned to Judge Wilken, Lumileds is concurrently filing a declination to proceed before the assigned Magistrate Judge Maria-Elena James.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3565551.4     1     MPA ISO OF LUMILEDS'
MOT. OF RELATED CASES
(CASE NO. C05-04521 (MEJ))

## II. THE PRESENT CASE INVOLVES THE SAME PARTIES AND SUBSTANTIALLY THE SAME PROPERTY, TRANSACTIONS, AND EVENTS AS THE RELATED ACTIONS.

The present case and the Related Actions are based on the same dispute over infringement by Epistar and UEC of Lumileds' patents, including infringement of the '718 patent, which is directed to novel high-brightness light-emitting diodes ("LEDs").[2] The Defendants, Epistar and UEC, announced on August 15, 2005 that they are planning on merging on December 30, 2005, with the surviving company to be named Epistar. *See* Wu Decl., ¶¶ 4-5, Exhs. C-D. Thus, there will soon be a single entity who is once again before this Court to address issues of infringement of Lumileds' '718 patent.

Furthermore, many of the same transactions and/or events involved in the present case were addressed in the Related Actions. For example, the construction of the claims of the '718 patent will be the same as it was in the Related Actions. Also, the licenses and settlement agreements from the Related actions will drastically limit the issues to be resolved, by eliminating any arguments that the '718 patent is invalid or unenforceable. Furthermore, all of the parties have conducted extensive discovery during the Related Actions about various transactions and events, and as such, many of the issues regarding these items have already been addressed by Judge Wilken.

For all of the these reasons as well as those stated in Lumileds' Notice of Related Action filed in the Epistar I Related Action (*See id.*, ¶ 6, Exh. E) and the Epistar II Related Action (*See id.*, ¶ 7, Exh. F), the present case should also be declared related.[3]

## III. AN UNDULY BURDENSOME DUPLICATION OF LABOR AND EXPENSE OR CONFLICTING RESULTS ARE LIKELY TO OCCUR IF THE CASES ARE CONDUCTED BEFORE DIFFERENT JUDGES.

Assignment of the present case to Judge Wilken, who presided over all of the Related Actions, will conserve judicial resources and promote an efficient resolution of the dispute. Since

---

[2] The present case also involves two additional patents owned by Lumileds: U.S. Pat. Nos. 5,376,580 and 5,502,316, both are directed to novel high-brightness LEDs.
[3] Lumileds was unable to obtain a stipulation from the Defendants. *See* Wu Decl., ¶¶2-3, Exhs. A-B.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3565551.4         2         MPA ISO OF LUMILEDS'
MOT. OF RELATED CASES
(CASE NO. C05-04521 (MEJ))

the present case and the Related Actions are based on the same dispute (infringement of the '718 patent), a single Judge should preside over all of the matters. Moreover, Judge Wilken has already invested significant time in resolving many of the legal and factual questions in the Related Actions that are likely to be at issue in the present case as well. For example, Judge Wilken's extensive efforts during the approximate 4½ years pendency of the Related Actions are reflected in the more than 1,000 entries in the Court dockets, including numerous Orders issued by Judge Wilken: twenty-nine (29) orders in the UEC Related Action, forty-four (44) Orders in the Epistar I Related Action, and twenty-nine (29) Orders in the Epistar II Related Action. *See id*., ¶¶ 8-10, Exhs. G-I.

In particular, Judge Wilken held a claim construction hearing on January 12, 2001 and issued a twenty-three page order on May 10, 2001 construing the claims of the '718 patent. *See id*., ¶ 11, Exh. J. The claim construction issue was brought before Judge Wilken a second time in Epistar I Related Action, where Lumileds submitted a second brief on these issues and Epistar submitted its responsive brief, both with numerous supporting factual and expert declarations. Thus, Judge Wilken is not only familiar with the issues surrounding claim construction of the '718 patent, but she has already ruled on those issues.

Judge Wilken also granted summary judgment of (1) no indefiniteness, (2) no anticipation, and (3) no inequitable conduct. In particular, Judge Wilken conducted a hearing on May 11, 2001 on these summary judgment motions and issued an order on June 14, 2001 granting in part Lumileds' motion for summary judgment and denying the Defendant's cross-motion for summary judgment. *See id*., ¶ 12, Exh. K. Thus, Judge Wilken is already familiar with many of the complex issues regarding infringement of the '718 patent; and, if a different Judge is assigned, then an unduly burdensome duplication of labor and expense or conflicting results are likely to occur.[4]

---

[4] Even Judge Audrey Collins of the Central District of California acknowledged that Judge Wilken was the proper judge to preside over a case between Epistar and Lumileds regarding infringement of the '718 patent – "The Court agrees with Defendant [Lumileds]. Because Judge Wilken has a case pending regarding the '718 patent, and because she has dealt with a case regarding the same patent, it would be a more efficient use of judicial resources to hear the case in the Northern District." *See* Wu Decl., ¶ 13, Exh. L (Order Granting Defendant's Motion to Transfer Venue in the Epistar II Related Action, at 8-9).

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3565551.4         3         MPA ISO OF LUMILEDS'
MOT. OF RELATED CASES
(CASE NO. C05-04521 (MEJ))

### IV. JUDGE WILKEN HAS TWICE RULED THAT LUMILEDS' ASSERTION OF THE '718 PATENT AGAINST UEC AND EPISTAR ARE RELATED

Twice before, Judge Wilken has issued Related Case Orders regarding Lumileds' assertion of the '718 patent against the Defendants. First, on February 11, 2003, Judge Wilken ruled that the Epistar I Related Action was related to the UEC Related Action. *See* Wu Decl., ¶ 14, Exh. M. Then, on March 27, 2003, Judge Wilken ruled that the Epistar II Related Action was related to the UEC Relate Action and the Epistar II Related Action. *See id.*, ¶ 15, Exh. N. As Judge Wilken's knowledge of and experience with the '718 patent and the parties grows, it makes more sense than ever for her to preside over another related action.

### V. THE PRESENT ACTION IS RELATED TO THE PREVIOUS ACTIONS BEFORE JUDGE WILKEN IN THE NORTHERN DISTRICT OF CALIFORNIA

The present case and the Related Actions all concern the same parties (Lumileds, Epistar and UEC), the same property (the '718 patent), and the same transactions and/or events (*e.g.,* the inventions claimed in the '718 patent and the Defendants' infringement of the '718 patent). *See* Civil L.R. 3-12(a). There is also likely to be an unduly burdensome duplication of labor and expense by the parties and the Court in litigating the various issues involved in a patent infringement suit over the '718 patent if an Order Relating Cases is not issued. *See* Civil L.R. 3-12(b). Furthermore, if Judge Wilken is not assigned to the present case, it is likely that conflicting results could occur that relate to issues between the parties, including, but not limited to, the very definition of the property interest at issue, the construction of the '718 patent claims. *See id.*

### VI. CONCLUSION

For all the foregoing reasons, Lumileds respectfully requests that this Court grants its Administrative Motion to Consider Whether Cases should be Related and that the present case be assigned to Judge Wilken.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3565551.4          4          MPA ISO OF LUMILEDS'
MOT. OF RELATED CASES
(CASE NO. C05-04521 (MEJ))

Dated: December 12, 2005             Respectfully submitted,

                                     MORGAN, LEWIS & BOCKIUS LLP


                                     By: /s/ Andrew J. Wu
                                         Andrew J. Wu

                                         Attorneys for Plaintiff
                                         Lumileds Lighting U.S., LLC

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3565551.4                     5                    MPA ISO OF LUMILEDS'
                                                        MOT. OF RELATED CASES
                                                        (CASE NO. C05-04521 (MEJ))