1   Michael J. Lyons (CA Bar No. 202284)
    Andrew J. Wu (CA Bar No. 214442)
2   PENNIE & EDMONDS LLP
    3300 Hillview Avenue
3   Palo Alto, California 94304
    Telephone: (650) 493-4935
4   Facsimile: (650) 493-5556

5   Attorneys for Plaintiff
    LumiLeds Lighting U.S., LLC
6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  | LUMILEDS LIGHTING U.S., LLC, | Civil Action No. C 02-5077 JW (EAI) |
    | Plaintiff, | |
12  | | |
    | v. | **LUMILEDS LIGHTING U.S.,** |
13  | | **LLC.'S NOTICE OF RELATED** |
    | CITIZEN ELECTRONICS CO., LTD and | **ACTION** |
14  | CECOL, INC., | |
    | Defendants. | |
15

16

17         Pursuant to Civil L. R. 3-12, Plaintiff LumiLeds Lighting U.S., LLC ("LumiLeds")

18  hereby serves notice that the present action is related to *United Epitaxy Co., Ltd. v. Hewlett-*

19  *Packard Co., et al.*, No. C 00-2518 CW (PVT) (N. D. Cal. filed September 7, 1999) (Wilken,

20  J.) (the "Related Action").

21                **Statement of the Relationship of the Actions**

22         The present case shares a common party, the same property, and many of the

23  transactions, events, and questions of law with the Related Action.  Both the Present Action

24  and Related Action involve LumiLeds' assertion of infringement of United States Patent No.

25  5,008,718 ("the '718 patent") directed to a novel high-brightness light-emitting diode

26  ("LED").  Specifically, in the Present Action, LumiLeds asserts that Defendant Citizen

27  Electronics Co., Ltd. and Defendant Cecol, Inc. (collectively, "Defendants") infringe the '718

28  patent.  In the Related Action, which was dismissed pursuant to settlement on September 24,

LUMILEDS' NOTICE OF RELATED ACTION
No. C 02-5077 JW (EAI)

CA1 - 323835.1

1  2001, LumiLeds, along with its predecessors-in-interest, Hewlett-Packard Company and

2  Agilent Technologies, Inc., asserted the '718 patent against United Epitaxy Co., Ltd ("UEC").

3  Since LumiLeds is the patent-holder in both cases, and its '718 patent is the

4  intellectual property at issue in both cases, many of the same factual events are the subject of

5  both cases. For example, the conception and reduction to practice of the invention claimed in

6  the '718 patent and scope and content of the prior art to the '718 patent are the same for the

7  Present Action as for the Related Action.

8  Moreover, the present case shares numerous common issues with the Related Action.

9  These issues include, among others:

10  • the construction and interpretation of the claims of the '718 patent;

11  • whether the claims of the '718 patent are valid or are anticipated by prior art under

12  35 U.S.C. § 102;

13  • whether any of the named inventors of the '718 patent were misjoined under 35

14  U.S.C. § 102(f);

15  • whether the claims of the '718 patent are valid or are obvious in light of prior art

16  under 35 U.S.C. § 103;

17  • whether the claims of the '718 patent are valid or are indefinite under 35 U.S.C.

18  § 112;

19  • whether the '718 patent meets the best mode and written description requirements

20  of 35 U.S.C. § 112; and

21  • whether the '718 patent is unenforceable due to inequitable conduct.

22  **Conservation of Judicial Resources**

23  Assignment of the present case to Judge Wilken, who presided over the Related

24  Action, will conserve judicial resources and promote an efficient determination of the action.

25  In the Related Action, Judge Wilken invested significant time in resolving many of the legal

26  and factual questions that are likely to be at issue in the present case. The Court's extensive

27  efforts during the approximately two-year pendency of the Related Action are reflected in the

28

LUMILEDS' NOTICE OF RELATED ACTION
NO. C 02-5077 JW (EAI)

CA1 - 323835.1

1    442 separate entries in the Court docket.  (Declaration of Andrew J. Wu in Support of

2    LumiLeds' Notice of Related Case ("Wu Decl."), Ex. A).  For example, Judge Wilken

3    construed the claims of the '718 patent in a twenty-three page order issued on May 10, 2001.

4    (Wu Decl., Ex. B).  Judge Wilken's claim construction followed submission to the Court of a

5    multitude of lengthy briefs and papers, including: an Opening Claim Construction Brief; a

6    Responsive Claim Construction Brief; a Reply to the Responsive Claim Construction Brief; a

7    Supplemental Claim Construction Brief; and a Reply to the Supplemental Claim Construction

8    Brief; along with numerous supporting factual and expert declarations.  In addition, Judge

9    Wilken conducted a claim construction hearing on January 12, 2001.  Thus, Judge Wilken is

10   not only familiar with the issues surrounding claim construction of the '718 patent, but she

11   has already ruled on those issues.

12           Further, Judge Wilken determined many of the issues regarding validity and

13   enforcement of the '718 patent in the Related Action.  In the Related Action, LumiLeds

14   moved for summary judgment that the patent was not invalid due to anticipation or

15   indefiniteness, and that the patent was not unenforceable due to inequitable conduct.  UEC

16   moved for summary judgment that the patent was invalid due to anticipation, obviousness,

17   indefiniteness, and misjoinder, and that the patent was unenforceable due to inequitable

18   conduct.  In an order dated June 14, 2001, Judge Wilken granted LumiLeds' motion on the

19   issues of anticipation, indefiniteness, and inequitable conduct, and denied UEC's motion on

20   anticipation, obviousness, indefiniteness, and misjoinder.  (Wu Decl., Ex. C).  Again, that

21   order followed submission by the parties of numerous lengthy and complex briefs, including:

22   LumiLeds' Motion for Summary Judgment; UEC's Opposition and Cross-Motion for

23   Summary Judgment; LumiLeds' Combined Reply and Opposition; UEC's Reply in Support of

24   its Cross-Motion; and LumiLeds' Supplemental Summary Judgment Brief.  In addition, Judge

25

26

27

28

1    Wilken conducted a hearing on the summary judgment motions on May 11, 2001, as well as

2    numerous supporting factual and expert declarations.  Thus, Judge Wilken is familiar with the

3    many complex issues regarding validity and enforceability of the '718 patent.

4

5    Dated: January 22, 2003                         Respectfully submitted,

6

7                                                    _____

8                                                    Michael J. Lyons (CA Bar No. 202284)
                                                     Andrew J. Wu (CA Bar No. 214442)
9                                                    PENNIE & EDMONDS LLP
                                                     3300 Hillview Avenue
10                                                   Palo Alto, California  94304
                                                     (650) 493-4935
11
                                                     Attorneys for Plaintiff
12                                                   LumiLeds Lighting U.S., LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am employed in the City of Palo Alto, County of Santa Clara, State of California, I am over the age of 18 years and not a party to the within action. My business address is 3300 Hillview Avenue, Palo Alto, CA 94304. On January 23, 2003, I caused copies of the foregoing documents described as:

**LUMILEDS LIGHTING U.S., LLC'S NOTICE OF RELATED ACTION;**

**DECLARATION OF ANDREW J. WU IN SUPPORT OF LUMILEDS' NOTICE OF RELATED CASE (WITH SUPPORTING EXHIBITS)**

to be served on

Michael S. Adler, Esq.
Gibson, Dunn & Crutcher LLP.
2029 Century Park East
Los Angeles, California 90067-3026

Robert C. Weiss
Lawrence R. LaPorte
Omer Salik
Jones, Day, Reavis, & Pogue
555 West Fifth Street, Suite 4600
Los Angeles, California 90013-1025

__XX__ (BY PERSONAL SERVICE) The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above; and on

Laurence Coit, Esq.
Manager of Litigation
Agilent Technologies, Inc.
395 Page Mill Road, MS A3-17
Palo Alto, California 94303-0870

Kuo-Hsin Huang
United Epitaxy Co., Ltd.
9F, No. 10, Li-Hsin Road
Science-Based Industrial Park
Hsinchu, 300,Taiwan, R.O.C.

Ann Baskins, Esq.
Hewlett-Packard Co.
3000 Hanover Street
Palo Alto, California 94304

__XX__ (BY FIRST CLASS MAIL) I caused each such envelope to the addressee(s) noted above, with postage thereon fully prepaid, to be placed in the United States mail in Palo Alto, California. I am readily familiar with the practice of Pennie & Edmonds LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____ (BY OVERNIGHT DELIVERY) I caused each such envelope to the addressee(s) noted above, with charges fully prepaid, to be sent by overnight delivery from Palo Alto, California. I am readily familiar with the practice of Pennie & Edmonds LLP for collection and processing of correspondence for overnight delivery, said practice being that in the ordinary course of business, mail is placed with the overnight delivery service on the same day as it is placed for collection.

____ (BY FACSIMILE) The person whose name is noted below caused to be transmitted by facsimile each such document to the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California, on January 23, 2003.

Beverly McAndrew

LUMILEDS' NOTICE OF RELATED ACTION
No. C 02-5077 JW (EAI)

CA1 - 323835.1