YITAI HU (SBN 248085) yhu@akingump.com
SEAN DEBRUINE (SBN 168071) sdebruine@akingump.com
SANG HUI MICHAEL KIM (SBN 203491) mkim@akingump.com
HSIN-YI FENG (SBN 215152) cfeng@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306
Telephone:    650.838.2000
Facsimile:    650.838.2001

Attorneys for Defendants
EPISTAR CORP. and UNITED EPITAXY CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUMILEDS LIGHTING U.S., LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>EPISTAR CORP., and UNITED EPITAXY CO., LTD.,<br><br>                    Defendants. | Case No. C-05-04521 RMW<br><br>**DEFENDANT EPISTAR CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO L.R. 3-12** |

Defendant Epistar Corporation ("Epistar") hereby submits this administrative motion in accordance with Local Rule 3-12, which requires that a party must file an Administrative Motion to consider whether cases should be related when there is a possibility that the actions may be related.

## THE NEW ACTION

On October 10, 2007 Epistar filed a complaint against Philips Lumileds Lighting Company, LLC ("Philips Lumileds") for Federal Unfair Competition; Breach Of Contract; Interference With Prospective Economic Advantage; State Unfair Competition And Declaratory Relief, *Epistar Corporation v. Philips Lumileds Lighting Company, LLC*, (Civil Action No. 07-05194 JF, N.D. Cal.) (the "New Action"). A jury trial has been demanded. Epistar is informed and believes that Philips Lumileds is the successor in interest to Lumileds Lighting US LLC, the plaintiff in this action. There are no other currently pending actions between the parties in the US District Courts. However, as this court knows, there is a pending ITC Investigation between the parties, which is currently on appeal to the Court of Appeals for the Federal Circuit.

## BACKGROUND

In September, 1999, United Epitaxy Company Ltd. ("UEC") filed suit against Lumileds, Hewlett-Packard Co. and Agilent Technologies, Inc. seeking *inter alia,* a declaratory judgment that UEC's products did not infringe U.S. Patent No. 5,008,718 ("the '718 patent") and that the '718 patent was invalid. Lumileds *et al.*, counterclaimed for, *inter alia,* infringement of the '718 patent. *United Epitaxy Co., Ltd. v. Hewlett-Packard Co., Agilent Technologies, Inc, and Lumileds Lighting US., LLC*, No. C 00-2518 CW (PVT) (N.D. Cal. 1999). Lumileds, *et al*. and UEC settled the litigation on August 30, 2001 and entered into two separate agreements; a Settlement Agreement and Mutual Release, (the "UEC/Lumileds Settlement Agreement") and a Patent License Agreement ("the UEC/Lumileds Patent License Agreement"). The UEC/Lumileds Patent License Agreement required UEC to pay to Lumileds royalties under certain circumstances on certain absorbing substrate LED products. The UEC/Lumileds Patent License agreement is at issue in the New Action -- the UEC/Lumileds Settlement Agreement is not.

On January 6, 2003, Epistar filed suit against Lumileds for declaratory judgment that Epistar's products did not infringe the '718 patent and that the '718 patent was not valid in a case styled *Epistar*

1  *Corp. v Lumileds Lighting US, LLC*, Civil Action No. CA 03-0084 ABC (JWJx) (CD Cal, 2003). On
2  February 3, 2003, Lumileds amended its pending action against Citizen Electronic Co., Ltd. and Cecol,
3  Inc., styled *Lumileds Lighting U.S. LLC v. Citizen Electronic Co., Ltd.*, No. C 02-5077 JW (N.D. Cal.
4  2002), to add Epistar as a defendant and include allegations of infringement of the '718 patent against
5  Epistar. The original declaratory judgment action filed by Epistar was ultimately transferred to the
6  Northern District of California and consolidated with the *Lumileds v. Citizen* action. The claims
7  against Citizen and Cecol were dismissed and the consolidated action between Lumileds and Epistar
8  was styled *Lumileds Lighting U.S. LLC v. Epistar Corporation*, Nos. C 02-5077 and C 03-1130 CW
9  (PVT) (N.D. Cal.). On June 30, 2004, Epistar and Lumileds entered into a Settlement Agreement
10 settling that litigation, ("Epistar/Lumileds Settlement Agreement"). The Epistar/Lumileds Settlement
11 Agreement included a covenant by Lumileds not to sue Epistar for infringement of the '718 patent
12 based on specific Epistar Omnidirectional Mirror Adhesive ("OMA") products and a license to Epistar
13 under the '718 patent to make, sell, use, offer to sell and import AlGaInP absorbing-substrate LEDs.

14 On August 16, 2005, Epistar and UEC finalized a merger agreement wherein Epistar would
15 acquire all of UEC's assets and operations. That merger took effect on December 30, 2005, at which
16 time UEC was dissolved and ceased to exist. The UEC/Lumileds Patent License Agreement expressly
17 states that the license and agreement are not assignable or transferable whether by contract or by
18 operation of law. Since UEC ceased to and no longer exists, and its license was not transferable to
19 Epistar, the UEC/Lumileds Patent License Agreement is and was null and void as of December 30,
20 2005 and *inter alia*, the obligations, conditions and requirements for the reporting and payment of
21 royalties and the right of Lumileds to conduct an audit for activities subsequent to the dissolution of
22 UEC ceased to exist. Because Epistar has a license covering all absorbing substrate products
23 regardless of when Epistar began making them, the UEC designed products made by Epistar are now
24 covered under the Epistar/Lumileds Settlement Agreement license.

25 On November 4, 2005, Lumileds filed a complaint with this court and also with the
26 International Trade Commission ("ITC"). In both this court and the ITC, Lumileds alleged
27 infringement of the '718 patent, US Patent no. 5,376,580 ("the '580 patent"), and US Patent No.
28 5,502,316 ("the '316 patent"). More specifically, Lumileds alleged that Epistar infringed the '580 and

1  the '316 patents, and that UEC infringed the '718, the '580, and the '316 patents. Because the issues
2  to be decided in the ITC and this Court are identical, in response to Epistar's motion to stay this case,
3  on February 24, 2005, the present action was stayed. The ITC recently determined that Epistar's MB,
4  GB and OMA products infringed claims 1 and 6 of the '718 patent and issued a limited exclusion order
5  excluding Epistar's MB, GB and OMA lines of LEDs from the United States based on infringement of
6  the '718 patent. The determination and exclusion order is currently on appeal at the Federal Circuit
7  and this case remains stayed pending the appeal. The only activity in this case has been the filing of
8  and granting of the motion to stay.

## THE NEW ACTION

The recently filed action by Epistar arises from Lumileds' unfair competition in violation of the Lanham Act; Lumileds' breach of Epistar/Lumileds Settlement Agreement; Lumileds' intentional interference with Epistar's existing and prospective economic relations; Lumileds' unfair competition under California Business and Professions Code Section 17200, and Lumileds' insistence after the merger of Epistar and (UEC) and dissolution of UEC that the UEC/Lumileds Patent License Agreement extends to products covered by the Epistar/Lumileds Settlement Agreement. Unlike this case, the New Action is not a patent infringement case. Instead the New Action revolves around damage done to Epistar by Lumileds' communications with Epistar's customers and potential customers and contract interpretation.

1  The only potential overlap that Epistar can foresee is the issue of whether or not Lumileds
2 breached the Epistar/Lumileds Settlement Agreement when it asserted that Epistar's OMA products
3 infringed the '718 patent in the ITC proceeding. Lumileds has not asserted that Epistar has infringed
4 the '718 patent in the current action, however, if it does, then Epistar will rely on Lumileds' covenant
5 not to sue as a defense.

6 Dated: November 1, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP

8                                            By        /s/
                                                    Sean P. DeBruine

10                                           Attorneys for Defendants
                                             EPISTAR CORP. and UNITED EPITAXY CO.,
                                             LTD.
11 6150570