MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (State Bar No. 202284)
Andrew J. Wu (State Bar No. 214442)
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
mlyons@morganlewis.com
awu@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Daniel Johnson, Jr. (State Bar No. 57409)
Amy M. Spicer (State Bar No. 188399)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
djjohnson@morganlewis.com
aspicer@morganlewis.com

Attorneys for Defendant and Counterclaimant
PHILIPS LUMILEDS LIGHTING
COMPANY, LLC

AKIN GUMP STRAUSS HAUER & FELD LLP
Yitai Hu (State Bar No. 248085)
Steven D. Hemminger (State Bar No. 110665)
Sean Debruine (State Bar No. 168071)
Sang Hui Michael Kim (State Bar No. 203491)
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650.838.2000
Fax: 650.838.2001
yhu@akingump.com
shemminger@akingump.com
sdebruine@akingump.com
mkim@akingump.com

Attorneys for Plaintiff and Counterdefendant
EPISTAR CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>EPISTAR CORPORATION,<br><br>              Defendant. | Case No. C 05-4521 CW<br>(Related to Case No. C 07-5194 CW)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date: May 6, 2008<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Judge: Claudia Wilken |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7658144.4

JOINT CASE MGMT CONF. STMT & [PROPOSED] ORDER
CASE NOS. C 05-4521 & C 07-5194 CW

| | |
|---|---|
| EPISTAR CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>PHILIPS LUMILEDS LIGHTING COMPANY, LLC,<br><br>             Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 07-5194 CW<br>(Related to Case No. C 05-4521 CW)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date: May 6, 2008<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Judge: Claudia Wilken |

Pursuant to Civil L.R. 16-9(a), Philips Lumileds Lighting Company, LLC ("Lumileds") and Epistar Corporation ("Epistar") jointly submit the following Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in these related cases.

Case No. C 05-4521 CW is currently stayed pending the outcome of the ITC investigation, pursuant to 28 U.S.C. § 1659.[1] Related Case No. 07-5194 is partially stayed, also pending the outcome of the ITC investigation, pursuant to the Court's Order Granting in Part, Denying in Part, and Deferring Ruling In Part on Defendant's Motion to Stay issued on April 2, 2008 (Docket No. 49). This Case Management Conference Statement addresses the parties' positions primarily as to the active, *i.e.*, non-stayed, portion of the cases.

## I.   Jurisdiction and Service

This Court has jurisdiction over the subject matter of these action, including Lumileds' counterclaims, pursuant to 28 U.S.C. §§ 1332, 1338, 1367, 2201, and 2202. The parties agree that venue is proper in this district and that the Court has personal jurisdiction over all current parties. There are no remaining parties to be served.

## II.   Description Of The Case and Disputed Factual Issues

On November 4, 2005, Lumileds filed a complaint before the ITC alleging, among other things, that Epistar was violating section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by importing, selling for importation, and selling within the United States after importation products that infringe Lumileds' patents, including the '718 patent. *See In the Matter of Certain High-Brightness Light Emitting Diodes and Products Containing Same*, Inv. No. 337-TA-556. Lumileds additionally filed a related patent infringement suit against Epistar in this Court – Related Case No. 05-4521. Epistar moved to stay the district court action pending the outcome of the ITC investigation, pursuant to 28 U.S.C. § 1659.[2] (Case No. 05-4521: Docket No.

---

[1] Upon the request of any party to a civil action who is also a respondent in an ITC investigation, the Court "shall stay, until determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659.

[2] Upon the request of any party to a civil action who is also a respondent in an ITC investigation, the Court "shall stay, until determination of the Commission becomes final, proceedings in the

1  24.)  The Honorable Ronald M. Whyte of this Court granted the motion and the case remains

2  stayed to this day.  (*Id.*, Docket No. 31.)

3        On October 10, 2007, Epistar filed Related Case No. C 07-5194 asserting five claims for

4  relief against Lumileds: unfair competition under the Lanham Act, breach of contract, intentional

5  interference with prospective economic advantage, unfair competition under California Business

6  and Professions Code section 17200, and declaratory relief.  Lumileds answered Epistar's

7  complaint and denied the allegations against it.  In addition, Lumileds asserted fifteen affirmative

8  defenses, and two counterclaims, including: breach of contract and unfair competition under

9  California Business and Professions Code section 17200.

10       On April 2, 2008, the Court granted in part, denied in part, and tentatively granted in part

11 Lumileds' motion to stay.  The Court stayed Epistar's claim for declaratory relief and tentatively

12 stayed Epistar's breach of contract claim.  Epistar's claims for unfair competition and intentional

13 interference with prospective economic advantage are not subject to the Court's stay.  In addition,

14 Lumileds' counterclaims have not been stayed and are on-going.

15 **III.**  **Description Of the Principal Factual and Legal Issues**

16       The principal disputed factual and legal issues are:

17       1.  Whether Lumileds' assertion of the '718 patent against Epistar's OMA products

18 was precluded by the covenant not to sue contained in the 2004 Epistar/Lumileds Settlement

19 Agreement, including an analysis of which products are OMA products that are subject to the

20 covenant (tentatively stayed);

21       2.  Whether Epistar is bound by the UEC/Lumileds patent license agreement,

22 settlement agreement, and consent judgment (stayed);

23       3.  Whether Lumileds unfairly competed and improperly represented to Epistar's

24 customers the scope of the ITC's exclusion order (not stayed);

25       4.  Whether Epistar is entitled to preliminary and permanent injunctive relief to stop

26 Lumileds from interfering with Epistar's customers and disseminating misleading information;

27 civil action with respect to any claim that involves the same issues involved in the proceeding
before the Commission."  28 U.S.C. § 1659.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
CASE NOS. C 05-4521 & C 07-5194 CW

5. Where the UEC/Lumileds Patent License Agreement was assignable to Epistar without consent sought from UEC or consent granted by Lumileds;

6. Whether Epistar breached the Lumileds/UEC patent license agreement by failing to pay the required royalties and refusing to allow Lumileds to conduct an audit pursuant to the Agreement;

7. Whether Epistar unfairly competed and made improper representations to Lumileds' customers regarding the rulings of the ITC and U.S. Customs and Border Protection; and

8. Whether Lumileds is entitled to preliminary and permanent injunctive relief to stop Epistar from engaging in unfair competition.

**IV.  Motions**

There are no pending motions. On April 2, 2008, the Court granted in part, denied in part, and tentatively granted in part Lumileds' motion to stay. In its Order, the Court stated that it will entertain argument on its tentative decision to grant the stay with respect to the breach of contract claim.

Lumileds anticipates filing a motion for judgment on the pleadings with respect to at least Epistar's unfair competition and intentional interference with prospective economic advantage claims. Lumileds is also considering filing a motion to consolidate the cases (Nos. 05-4521 and 07-5194).

**V.  Amendment Of Pleadings**

Neither party expects to amend their pleadings.

**VI.  Evidence Preservation**

The parties have taken appropriate measures to preserve evidence relevant to the issues reasonably evident in this action.

**VII.  Disclosures**

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on January 23, 2007 and again on April 25, 2008.

Lumileds has proposed that all disclosures should be stayed pending the resolution of any

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

5

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
CASE NOS. C 05-4521 & C 07-5194 CW

1  motions for judgment on the pleadings. Lumileds has proposed that all discovery be stayed
2  pending resolution of its motion for judgment on the pleadings.
3  Epistar has proposed that the parties exchange the initial disclosures required by Federal
4  Rule of Civil Procedure 26(a)(1) on or by June 3, 2008.

5  **VIII.  Discovery**

6  Lumileds proposes the following discovery plan: (a) discovery shall be stayed until
7  resolution of any motions for judgment on the pleadings; and (b) the parties will prepare a
8  discovery plan tailored to the claims pending following resolution of such motions.

9  Epistar proposes the following: While no discovery has yet been taken in this matter,
10 some discovery relevant to Epistar's breach of contract claim, including discovery on OMA
11 products, has already been conducted in the related ITC investigation. The parties already have
12 documents, depositions, discovery responses from the related ITC investigation, review of which
13 will inform the discovery Epistar anticipates taking. Epistar expects to conduct written discovery
14 and deposition discovery regarding the claims that are not stayed. Epistar also expects to conduct
15 discovery relevant to defenses that Lumileds may raise in answer to the complaint.

16 The parties agree that discovery in the related ITC investigation and the prior district court
17 actions before this Court should be deemed produced by the parties in this case. The parties do
18 not propose to deviate from the limits on discovery set out in the applicable rules. Because
19 discovery is likely to require the disclosure of confidential business information, counsel expect
20 to submit an agreed form of protective order for consideration and entry by the Court to regulate
21 and limit the disclosure and use of such confidential information.

22 **IX.  Class Action**

23 This is not a class action.

24 **X.  Related Cases**

25 The Court has related the above-entitled cases (C 05-4521 CW and C 07-5194 CW) as
26 well as related them to C 00-2518 CW (closed). The above-entitled cases are also related to ITC
27 Inv. No. 337-TA-556, No. 2007-1457 (Fed. Cir.). The parties are not aware of any other related
28 cases pending before another judge of this Court or before another court or administrative body.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
CASE NOS. C 05-4521 & C 07-5194 CW

## XI. Relief

Epistar seeks dismissal of all of Lumileds' counterclaims, a judgment that Epistar has breached the parties' agreement and award of damages arising from Epistar's breach, injunctive relief from Lumileds' wrongful acts, an award of damages in an amount to be determined at trial, and an award of attorney's fees and costs.

Lumileds seeks dismissal of all of Epistar's claims asserted in its complaint, a judgment that Epistar has breached the parties' agreement and award of damages arising from Epistar's breach, injunctive relief from Epistar's wrongful acts, an award of damages in an amount to be determined at trial, and an award of attorney's fees and costs.

## XII. Settlement and ADR

The parties timely met and conferred pursuant to ADR Local Rule 3-5(a).  During that meeting, the parties agreed to participate in private mediation and filed a Stipulation and [Proposed] Order Selecting ADR Process with the Court on January 28, 2008.  The parties believe that mediation should be scheduled after the resolution of any motions for judgment on the pleadings.

## XIII. Consent To Magistrate Judge For All Purposes

The parties do not consent to the assignment of this case to a United States Magistrate Judge.

## XIV. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. Narrowing Of The Issues

The parties are not aware of any issues that can be narrowed by agreement or motion at this time.  The parties believe that the case is not mature enough and trial is too remote at this time to determine issues that can be narrowed, suggestions to expedite the presentation of evidence at trial, or whether bifurcation of issues, claims or defenses is appropriate.  The parties intend to address these issues as the case proceeds and the issues become clearer.

//

### XVI. Expedited Schedule

The parties at this time do not believe that the unfair competition and related claims of the instant case require handling on an expedited basis with streamlined procedures.

Once the Federal Circuit rules on the pending appeal in the related ITC action and the stay is lifted in these related cases, Lumileds intends to seek expedited discovery and motion practice, since much of the required discovery will have already been conducted in the ITC action, as well as briefing and ruling on numerous issues, such as claim construction.

### XVII. Scheduling

The parties believe the scope of the case will be impacted by the Court's decision on whether to stay the breach of contract claim based on the covenant not to sue. Thus, the following schedule is proposed: If the Court stays the breach of contract claim, Lumileds' related breach of contract counterclaim should also be stayed. Naturally, if the Court does not stay Epistar's breach of contract claim, then Lumileds' related counterclaim should go forward.

In addition, Lumileds proposes the following schedule: Discovery shall be stayed until resolution of the Court's ruling on any motions for judgment on the pleadings. The Court shall conduct a further Case Management Conference following resolution of these preliminary motions, at which point the parties will be in a better position to agree on the necessary discovery and a realistic schedule for the case.

Epistar proposes an exchange and initial disclosure on June 3, 2008 with the remaining dates to be set thereafter.

### XVIII. Trial

Both parties have requested a jury trial and anticipate that trial will last one to two weeks.

### XIX. Disclosure Of Non-Party Interested Entities Or Persons

The parties have each filed the required Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

Lumileds certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
CASE NOS. C 05-4521 & C 07-5194 CW

financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        KONINKLIJKE PHILIPS ELECTRONICS, N.V.

Epistar certifies that there is no interest to report.

Dated: April 29, 2008         MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Michael J. Lyons
    Michael J. Lyons

Attorneys for Defendant and Counterclaimant
PHILIPS LUMILEDS LIGHTING COMPANY, LLC

Dated: April 29, 2008         AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Yitai Hu
    Yitai Hu

Attorneys for Plaintiff and Counterdefendant
EPISTAR CORPORATION

## [PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case. The parties shall comply with this Order.

**IT IS SO ORDERED.**

Dated:                                    
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
CASE NOS. C 05-4521 & C 07-5194 CW

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Amy M. Spicer, am the ECF user whose ID and password are being used to file this Joint Case Management Conference Statement and [Proposed] Order. In compliance with General Order 45.X.B., I declare under the penalty of perjury under the laws of the United States of America that Michael J. Lyons and Yitai Hu have concurred in this filing.

Executed this 29th day of April 2008, at San Francisco, California.

_____/s/ Amy M. Spicer_____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7658144.4

JOINT CASE MGMT CONF. STMT &
[PROPOSED] ORDER
CASE NOS. C 05-4521 & C 07-5194 CW